# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Thorndike Properties, Inc.,

    Plaintiff

v.

Simon Harkins, Stuart Docherty, and Fitness Operations Ltd,

    Defendants

Case No.: 2:16-cv-02488-JAD-VCF

**Order Denying Without Prejudice Plaintiff's Motions for Entry of Default Judgment**

[ECF Nos. 11, 23, 24]

    Plaintiff Thorndike Properties, Inc. leased storefront to the defendants so that they could run a fitness club. Several years into the lease, the defendants stopped paying their rent so Thorndike brought this breach-of-lease case against them. The defendants failed to respond, the Clerk of Court entered a default against them, and Thorndike now seeks a default judgment.

    The problem with Thorndike's motion is its request for money damages. Courts normally take a plaintiff's factual allegations at face value once a default is filed—but not for damages. Plaintiffs have an affirmative duty to prove any damages they seek, even at the default-judgment stage. And because awarding damages without the defendant's presence raises weighty due process concerns, courts have discretion to determine whether any requested money damages are reasonable.

    Thorndike has failed to make that showing. It asks for 14 months of unpaid rent and almost $200,000 in late fees—nearly double its actual losses—with little explanation or evidence suggesting that these requests are appropriate. What's more, the damages it asks for now do not mirror the relief it sought in its complaint, which violates the Federal Rules of Civil procedure. I thus deny its motion without prejudice.

## Background

    In 2012, Thorndike leased Simon Harkins a storefront in Henderson, Nevada so that he could start a gym.[1] The lease is for five years and set to end in March 2017.[2] It has a late-rent provision that levies a fee of 20% for each day the rent is not received, and an attorney's fees provision that

---

[1] ECF No. 1 at 3.

[2] ECF No. *id.*

requires the lessee to pay for Thorndike's legal fees related to enforcement of the lease.[3]

Harkins paid his rent for the first two years until he assigned his lease to a new company and owner: Fitness Operations Ltd. and Stuart Docherty. Under the parties' new written assignment, Harkins, Docherty, and Fitness Operations were all subject to the lease going forward.[4] But apparently the change in personnel was not helpful, because the defendants stopped paying their rent in May of 2015.[5]

Thorndike contends that it is entitled to unpaid rent for the 14 months left on the lease, the 20% per-day late fee, and attorney's fees and costs—for a total of $307,863.59. Thorndike's complaint alleges that the monthly rent after the parties' assignment was $5,756.54. But its motion for default judgment alleges that the rent was $6,722.70.[6] Its damages calculations rely on the higher number.

Thorndike initially moved for default judgment against the two individual defendants.[7] After it served Fitness Operations, Thorndike filed a second motion for default judgment against Fitness Operations.[8] In this second motion, Thorndike raised for the first time its claim that it is owed almost $200,000 in late-fee penalties on top of the unpaid rent.

**Discussion**

Federal Rule of Civil Procedure 55 provides a mechanism for obtaining a default judgment against a party who has failed to respond to claims brought against it. A district court has discretion to enter a default judgment, which typically turns on the consideration of the seven *Eitel* factors: (1) potential prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount of money at stake in the action; (5) the potential

---

[3] ECF No. 12 at 7–8.

[4] ECF No. 1 at 3.

[5] *Id.*

[6] ECF No. 23 at 4.

[7] ECF No. 11.

[8] ECF No. 23.

disputes as to material facts; (6) whether the default was due to excusable neglect; and (7) the strong federal policy favoring adjudications on the merits.[9]

Although I generally accept Thorndike's factual allegations as true when considering these factors, this is not the case for its damages claim. When a plaintiff seeks a default judgment for damages, it must prove up its damages figures with specific evidence.[10] Because of the due process concerns raised by ex parte damages judgments, courts have discretion when determining whether and how much damages to award on default judgment.[11] When determining what's appropriate, courts consider "whether the recovery sought is proportional to the harm caused by defendant's conduct."[12] For example, courts may consider whether a plaintiff reasonably attempted to mitigate its damages and whether any asserted liquidated damages claims are reasonable.[13] These factors are especially relevant here given that Nevada law generally requires (1) landlords to mitigate damages from a breached lease and (2) that liquidated-damages provisions be reasonable under the circumstances.[14]

Thorndike seeks over $300,000 in damages for a single breached lease, with little explanation of why that figure is reasonable. It stopped receiving rent in May of 2015; why didn't it try to let the store to a new tenant? More concerning, Thorndike alleges that this loss of rent caused it a little over $100,000 in damages, but it now seeks more than 150% of its actual damages in additional penalties under the lease, for a total of $293,923.80 in damages. Thorndike has not even attempted to explain

---

[9] *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

[10] *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating the general rule of law that allegations of complaint are not accepted as true for damages awards).

[11] *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 712 (9th Cir.1999).

[12] *Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 921 (C.D. Cal.2010).

[13] *See, e.g., Universal City Studios Int'l B.V. v. Entm't Television Network FZE*, 2009 WL 10671946, at *7 (C.D. Cal. Dec. 16, 2009) (acknowledging that plaintiff might not need to prove mitigation to win on the merits in a default judgment claim, but that mitigation was a relevant factor at the damages stage).

[14] *Mason v. Fakhimi*, 865 P.2d 333, 335 (Nev. 1993); *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999).

how a penalty of nearly double its actual damages could possibly be "proportional" to the harm it suffered here.

Finally, Thorndike's complaint and its request for damages are out of sync, which is another reason to deny its motion. The damages sought in a motion for default judgment cannot "differ in kind from, or exceed in amount, what is demanded in the pleadings."[15] Thorndike's complaint requests a total of $78,576.88, a paltry sum compared to the $300,000-plus that it asks for now.

I therefore find that Thorndike's motion lacks the level of proof necessary to justify the damages it requests, so I deny its motion. Should it file a renewed motion for default judgment, Thorndike is cautioned that failure to include properly authenticated support and explanation for the requested damages amount will result in the continued denial of its motion.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motions for default judgment **[ECF Nos. 11, 23] are DENIED** without prejudice.

IT IS FURTHER ORDERED that the plaintiff's motion to amend [ECF No. 24] is **DENIED as moot.**

The Clerk of Court is directed to VACATE the 9/15/17 hearing.

Dated this 4th day of August, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[15] *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

4